[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO INTERVENE (#121)
The plaintiff, Spodnick, brings this personal injury claim against the defendant, Simkins Industries, Inc. Spodnick alleges that he was injured when he fell on ice in a parking lot that was owned or controlled by Simkins. At the time of the injury, the plaintiff was employed by Automatic Material Handling, Inc. (Automatic). The complaint was dated November 4, 1991, and was served on the defendant, Simkins, on November 14, 1991. As a result of Workers' Compensation benefits received by the plaintiff from his employer, the plaintiff gave notice to employer, Automatic, and said notice was received by Automatic on November 5, 1991. On May 9, 1994, Automatic filed a motion to intervene in the instant action. This motion to intervene is opposed by the plaintiff and all of the defendants on the basis that the employer, Automatic, did not intervene within thirty (30) days notice, pursuant to Conn. Gen. Stat. § 31-293a, which provides:
 If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and CT Page 7523 of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate.
The issue here is whether the notice given by the plaintiff was in compliance with the statute. The plaintiff argues that the notice received by Automatic was in compliance with Conn. Gen. Stat. § 31-293a, and, therefore, Automatic is now precluded from intervening. The statute requires that in this instance, the employee notify the employer after he "brings an action." Our Appellate Court has held "`[T]he time when the action is regarded as having been brought is the date of service of the writ upon the defendant.'" (Citation omitted.) Lacasse v.Burns, 214 Conn. 464, 475, 572 A.2d 357 (1990) (adding emphasis). It is clear that the notice was received prior to the time the action was brought, since the notice was received on November 5, 1991, and the writ was not served upon the defendant until November 14, 1991. Actual notice is not sufficient, the employer must receive statutory notice. Gurliacci v. Mayer,218 Conn. 531, 578, 590 A.2d 914 (1991). Notice to an employer which is given prior to the time that a cause of action has commenced does not constitute compliance with the statute, and therefore, does not trigger the running of the 30 day period.Jeppesen v. Bell, Superior Court at Windham, October 26, 1992 (Potter, J.); Bergin v. Diaz, 6 Conn. L. Rptr. No. 8, 222 (April 27, 1992) (Gaffney, J.). See also Catherine Ring v. MorganManagement Company and Stamford Apartments Company, Docket No. 131942, Judicial District of Stamford/Norwalk at Stamford, (September 29, 1993, Rush, J.).
The motion of Automatic to intervene as a co-plaintiff (#121) is granted.
/s/ Pellegrino, J. PELLEGRINO